UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HOWARD RUTTAN,

        Petitioner,        Case No. 1:08-cv-603

v.        Honorable Gordon J. Quist

NICHOLAS J. LAMBROS et al.,

        Respondents.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed as frivolous.

**Factual Allegations**

Petitioner Brian Howard Ruttan presently is incarcerated with the Michigan Department of Corrections and housed at the West Shoreline Correctional Facility. He pleaded guilty in the Chippewa County Circuit Court to one count of assault with intent to commit criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520G(1).[1] The trial court sentenced him to imprisonment of twenty months to ten years. Petitioner names the following Respondents: Chippewa County Circuit Court Judge Nicholas J. Lambros, prosecuting attorney Brian Peppler and court-appointed attorney Elizabeth L. Church.

According to quasi-legalistic ramblings of the complaint, Petitioner appears to allege that attorneys licensed by the State Bar of Michigan are not, in fact, "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association, under MICH. COMP. LAWS § 450.681. Petitioner contends that licensing may only be conducted in accordance with the British Accredited Registry (BAR) system established in Boston in 1761, which certified BAR attorneys as officers of the court. Attorneys licensed by the State Bar of Michigan, Petitioner argues, are merely foreign agents as defined under 22 U.S.C. § 611, who have not been properly registered under 22 U.S.C. § 612. As a result, Petitioner contends, his conviction through the practice of un-licensed, non-BAR attorneys and judges, was reached in the absence of all jurisdiction. He further argues that Respondents' actions were taken on behalf of foreign corporate entities (the State and its subdivisions) and violated Respondents' oaths of office. For these reasons, he contends that his conviction violated his rights to equal protection and due process. For relief, he seeks immediate

---

[1] Because Petitioner did not include information regarding his conviction in his application for habeas corpus relief, this Court incorporates information of his conviction from the Michigan Department of Corrections Offender Tracking and Information System (OTIS) at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=597703.

release from prison and an order vacating his sentence imposed upon him by these non-registered foreign agents.

## Discussion

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES).

As previously noted, Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." *Carson*, 178 F.3d at 437. Petitioner's claims clearly lack an arguable basis in law or in fact. His recitation of the origins of legal licensure in the United States and the State of Michigan is neither accurate nor relevant. As a matter of public record, the attorneys involved in Petitioner's conviction were properly licensed in the State of Michigan and the judge had clear jurisdiction to decide the case. None of the Respondents is a foreign agent required to register under 22 U.S.C. § 612. Further, the State of Michigan and its subdivisions are not foreign corporate entities required to file registration statements under the statute. In addition, Respondents have not violated their oaths of office and the Michigan licensure process does not create a "ruling class" in violation of the Constitution. Petitioner therefore has asserted no grounds on which his conviction could be said to violate his right to equal protection or due process.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is frivolous. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: September 19, 2008      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).