UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN HOWARD RUTTAN,

        Petitioner,

v.                                              Case No. 1:08-CV-603

NICHOLAS J. LAMBROS et al.,          HON. GORDON J. QUIST

        Respondents.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On September 19, 2008, Magistrate Judge Ellen S. Carmody issued a report and recommendation in which she recommended that Petitioner's habeas petition be summarily dismissed pursuant to Rule 4 on the grounds that it is frivolous. The magistrate judge also recommended that a certificate of appealability be denied. Petitioner did not file objections to the report and recommendation. Instead, he filed a motion to either withdraw, amend or supplement and delete writ of habeas corpus, in which he seeks to withdraw his original habeas petition and/or amend it by filing a new habeas petition asserting one ground for relief:

> SENTENCING JUDGE SENTENCED MR. RUTTAN BASED ON INACCURATE INFORMATION IN VIOLATION OF THE FEDERAL CONSTITUTION, AMEND IV, V, VI, XIV.

(Pet'r Mot. to Amend Ex. 1 at 3.)

Petitioner concedes that the magistrate judge was correct to conclude that his claim is frivolous, describing it himself as "garbage [that] another prisoner put in his application." (Pet'r Mot. to Amend at 2.) Having reviewed the petition and after conducting a *de novo* review of the report and recommendation, the Court agrees and concludes that it should be adopted.

The sole question is whether Petitioner should be allowed to amend his petition. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure states that "[a] party may amend its pleading

once as a matter of course . . . before being served with a responsive pleading." Because no responsive pleading has been filed, Petitioner is entitled to amend his complaint. However, that does not end Court's inquiry, because even accepting Plaintiff's new ground as properly filed, it is still subject to dismissal under Rule 4 because it does not state a cognizable federal claim.[1]

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487,

---

[1] Petitioner's proposed amendment is also deficient because it fails to comply with Rule 2(c) of the Rules Governing § 2254 Cases because it does not state the sufficiently state the facts supporting Petitioner's new ground for relief.

521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner states that he was sentenced to a minimum of 20 months and that this represents an upward departure from the minimum sentence because the trial court used erroneously scored sentencing guidelines. Petitioner fails to identify the range the trial court used, as well as the range Petitioner contends should have been used.

Regardless of what Petitioner contends his minimum sentence should have been, his sentence is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information.[2] *Tucker*, 404 U.S. at 447.

---

[2]Apart from the fact that Petitioner's sentence is not arbitrary or shocking, the Court notes the absence of any constitutional injury. That is, regardless of what Petitioner contends his minimum sentence should have been, the twenty month minimum sentence has already passed, and there is no indication that Petitioner suffered any injury from having a longer minimum sentence, such as being denied consideration for parole at an earlier time.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 19, 2008 (docket no. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** pursuant to Rule 4 because Petitioner has failed to state a cognizable federal claim.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated:  January 14, 2009                                    /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE